IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHAWNTEL McCOY,

        Plaintiff,

v.                                CIVIL ACTION NO.  3:18-1546

C. O. ENDICOTT, individually and in his official capacity;
C. O. HALE, individually and in his official capacity;

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants C.O. Endicott and C.O. Hale's Motion for Summary Judgment on Plaintiff Chawntel McCoy's State Law Claims. ECF No. 70. For the following reasons, the Court **GRANTS** the motion.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

This action arises from serious injuries Plaintiff sustained while she was held as a pretrial detainee at the Western Regional Jail. Plaintiff alleges that, on the morning of February 13, 2018, she requested medical assistance in her cell, and Catlyn Ferguson, a correctional officer (C.O.) at the facility, responded.[1] As more fully described in this Court's Memorandum Opinion and Order entered on August 13, 2019, a physical struggle ultimately ensued between Plaintiff and C.O. Ferguson in a dayroom area near two other inmates. *McCoy v. Ferguson*, 2019 WL 3806008,

---

[1] C.O. Ferguson was named as a defendant in the Complaint, but she was never served. Plaintiff informed the Court she did not intend to pursue her claim against Ferguson so Ferguson was dismissed from the action. *See Judgment Order* (Oct. 16, 2019), ECF No. 60.

*3 (S.D. W. Va. Aug. 13, 2019). Responding to an alert for officer assistance, C.O. Endicott and C.O. Hale entered the dayroom and could see the struggle. *Id*. Within approximately six to seven seconds of entering the room, the three correctional officers forced Plaintiff to the floor. *Id*. Plaintiff then brought this action to recover for injuries she sustained during the takedown.

In her Complaint, Plaintiff alleges Endicott and Hale used excessive force in violation of 42 U.S.C. § 1983. She also alleged a variety of claims for violations of the West Virginia Constitution, state common law, and unspecified state statutes. In January 2019, Endicott and Hale moved for summary judgment and attached a video of the incident in support of their motion. However, they focused on Plaintiff's § 1983 claim and did not make arguments with respect to all of Plaintiff's other claims.

Thereafter, on August 12, 2019, Endicott and Hale filed a Supplemental Motion for Summary Judgment. The following day, the Court entered a Memorandum Opinion and Order granting their original motion and denying their supplemental motion as moot. *Id.* In the ruling, the Court found "that Plaintiff cannot show the amount of force Defendants Endicott and Hall used was objectively unreasonable" from their perspective and knowledge. *Id*.; *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (holding a pretrial detainee must satisfy an objective standard and "must show only that the force purposefully or knowingly used against him was objectively unreasonable." Additionally, a court must consider "the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."). Therefore, the Court found there was no constitutional violation.

In addition, the Court found qualified immunity applied. The Court held Plaintiff's argument that Endicott and Hale violated West Virginia Code § 31-20-9(a)(1) was misplaced because the statute establishes "the duties and responsibilities of the Jail Facility Standards Commission—not individual correctional officers." *Id.* at *4 (citation omitted). The Court also rejected Plaintiff's argument that Endicott and Hale violated the West Virginia Regional Jail Authority's Policy and Procedure Statement found at West Virginia C.S.R. § 95-1-1. Plaintiff asserted they violated the provision's "1+1" policy, limiting the force used by correctional officers to one step above an inmate's actions. The Court held, however, that even if the "1+1" policy was a clearly established right, no reasonable jury could conclude from the evidence that Endicott and Hale's actions were unreasonable or violated the policy. Moreover, as there was nothing fraudulent, malicious, or oppressive about their split-second response to the dangerous situation, both officers were entitled to qualified immunity.[2] In its Memorandum Opinion and Order, however, the Court did not specifically address any of Plaintiff's other state claims because neither party raised them in their briefing.

Following the Court's decision, Plaintiff filed a Motion to Amend or Alter the Court's decision based upon additional evidence. Upon consideration, the Court denied the motion. *Order Denying Mot. to Amend/Alter*, at 6 (Oct. 3, 2019), ECF No. 51. Thereafter, Plaintiff agreed to dismiss, or not to pursue, her claims against the remaining Defendants. *See Stip. and Agreed Order Dismissing Kim Wolfe, Capt. Carl Aldridge and the WRJCFA*, ECF No. 57; *Judgment*

---

[2] Although not raised by the parties, the Court likewise found Endicott and Hale were entitled to summary judgment in their official capacities. *Id.* at *5.

*Order,* ECF No. 60. As a result, the Court entered judgment in favor of Endicott and Hale and dismissed this action from the Court's docket.

Plaintiff then appealed the decision with respect to Endicott and Hale to the Fourth Circuit Court of Appeals. However, the Fourth Circuit found it lacked jurisdiction because the parties never requested this Court to resolve Plaintiff's state claims. *McCoy v. Endicott*, No. 19-7621, 2021 WL 5320862 (4th Cir. Nov. 16, 2021). Consequently, Endicott and Hale returned to this Court and moved for summary judgment on the remaining claims. Upon review, the Court finds they are entitled to summary judgment on those claims.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for

discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.
## DISCUSSION

In their motion, Endicott and Hale argue (1) Plaintiff has produced no evidence of a civil conspiracy or an invasion of privacy; (2) Plaintiff cannot collect money damages under the West Virginia Constitution as a matter of law; (3) they are entitled to qualified immunity; and (4) Plaintiff has not met her burden of proof. In her Response, Plaintiff concedes that her claim for civil conspiracy fails. Therefore, the Court **GRANTS** Endicott and Hale's motion with respect to that claim. Plaintiff also fails to address Endicott and Hale's argument that her West Virginia constitutional claims cannot survive because money damages are not available and she has not requested injunctive or habeas relief. In support of their position, Endicott and Hale cite, in part, *Fields v. Mellinger*, 851 S.E.2d 789 (W. Va. 2020), in which the West Virginia Supreme Court held that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution." Syl. Pt. 3, *Fields*. As Plaintiff included an Article III, Section 6[3] claim in her Complaint and she seeks monetary damages, the Court agrees with Endicott and Hale that the claim cannot survive and **GRANTS** summary judgment on this claim. Plaintiff also alleges violations of Article 3, Sections 1, 3, 5, and 10 of the West Virginia Constitution in her Complaint. However, she makes no specific mention or arguments with respect to these constitutional claims in response to the Motion for Summary Judgment. Rather, she focuses her argument on her excessive force claim and makes a general and

---

[3]*Compl.*, Count Seven (d), in part.

cursory statement that it "lends credence" to her position she was deprived "of her rights under the United States and West Virginia[] Constitutions and her State law claims." *Pl.'s Resp. to Defs.' Motion for Summ. J. on State Law Claims*, at 15-16, ECF No. 72. For the reason this Court stated in its previous decisions and as stated below, the Court find no reasonable juror could find that Endicott and Hale used excessive force in this case.

Moreover, in her Response, Plaintiff provides a list of those "remaining State law claims" she argues should survive summary judgment. *See id.* at 3. Plaintiff specifically refers to her "remaining State law claims" as intentional infliction of emotional distress, tort of harassment, unwelcome touching of her person, civil battery, civil assault, outrageous and atrocious conduct, and invasion of privacy. *See id.* (listing state law claims). Endicott and Hale argue the Court should consider this list to be exclusive and, to the extent Plaintiff makes other state law claims and state constitutional claims in her Complaint, the Court should consider those claims waived.

In comparing the list of claims in Plaintiff's Response to the claims in the Complaint, the Court recognizes there are some claims listed in the Complaint that clearly were alleged against other Defendants and are not relevant to Endicott and Hale. *See, e.g., Compl.* at Count Three (alleging negligent retention, supervision, staffing, and training); Count Seven (alleging, inter alia, negligent retention and hiring). However, the Complaint is far from a model of clarity, and it often lists several causes of actions under a single count and the same cause of action sometimes appears in more than one count.[4] Moreover, Count Five is not a cause of action

---

[4]For instance, both Counts Four and Seven contain causes of action for outrageous conduct, invasion of privacy, and harassment. Similarly, both Counts One and Seven allege some overlapping constitutional violations.

at all. Rather, it simply lists Plaintiff's alleged damages. Nevertheless, despite any difficulty in parsing out the claims in the Complaint relevant to Endicott and Hale, it appears from Plaintiff's Response that she believes her "remaining State law claims" are the ones she has listed, and she does not reference the West Virginia Constitution in that list. Thus, other than her broad claim of a constitutional violation based upon excessive force, Plaintiff has neither identified other claims in the Complaint nor argued she is pursuing those claims in her Response. Therefore, to the extent there may be claims that could be alleged against Endicott and Hale beyond this broad allegation and the claims Plaintiff has listed, the Court finds they are waived.

Turning then to the claims Plaintiff has identified, she again argues the force implemented by Endicott and Hale was excessive and cruel and unusual in light of the circumstances, thereby violating state law. However, as this Court fully explained in its earlier Memorandum Opinion and Order entered on August 13, 2019, and its Order denying Plaintiff's Motion to Amend/Alter on October 3, 2019, the Court has concluded that the amount of force used plainly was not excessive under the circumstances from the officers' perspective and knowledge under an objective standard. Although Plaintiff maintains she posed no threat during the fight, the video evidence proves otherwise and shows she was actively struggling with and resisting C.O. Ferguson's attempt to control her. When Endicott and Hale entered the room in response to an alert for officer assistance, "they saw a dangerous physical altercation between Plaintiff and Defendant Ferguson, with two other inmates nearby, one approximately arm's reach from the fight." *McCoy*, 2019 WL 3806008, at *3. There is no doubt that any prudent officer confronted with this situation "easily, reasonably, and should have concluded that immediate action was necessary because the physical altercation between Plaintiff and Defendant Ferguson posed an

imminent threat to the safety of Defendant Ferguson and the other two inmates." *Id*. Moreover, the Court explained that Endicott and Hale "reasonably could have concluded the situation was a significant threat and danger to the security of the facility[, and they] were required to assess a tense and uncertain situation and make a split-second judgment to put Plaintiff on the floor to gain control over the situation." *Id*. Upon review, the Court finds no reason to depart from these earlier findings and, again, rejects Plaintiff's assertion Endicott and Hale used excessive force.

Plaintiff argues, however, that her state law claims should survive because she suffered "Serious Bodily Harm" and the officers used "Deadly Force" as defined by Document Number 9031 of the West Virginia Regional Jail and Correctional Facility Authority's Policy and Procedural Statement. *See WVRJCFA's Policy and Procedural Statement*, at 119, ECF No. 72-1, at 2 (defining "Serious Bodily Injury" as an "Injury which creates a serious likelihood of death, or major disfigurement to include; broken bones, loss of limb, paralysis, or the impairment of the function of bodily member organ" and "Deadly Force" as "Force which will likely cause death or serious bodily harm"). As this Court previously has acknowledged, it does not doubt Plaintiff suffered some serious injuries as an unfortunate consequence of her resistance, but the Court finds the amount of force used was neither objectively nor subjectively unreasonable under the circumstances. In fact, the policy Plaintiff quotes further states that "[n]o policy can provide specific guidelines dictating the immediate response of staff who unexpectedly and rapidly find themselves involved in a situation requiring a forceful response." *Id*. at 120 (underlining original). Additionally, it "recognizes the difficulty in stating exactly how much force may be used in a given situation; thus, the standard of reasonableness will be that of the prudent staff member acting in accordance with the general guidelines set forth in this policy." *Id*. Moreover, deadly force can "be

used when clear and present danger exists . . . to . . . [p]revent . . . serious bodily harm to others." *Id*. at 123.

Here, when Endicott and Hale entered the room, they rapidly found themselves confronted with a dangerous situation. Plaintiff was resisting C.O. Ferguson's attempts to control her, and there was a clear and present danger that C.O. Ferguson and the other two inmates in the room could suffer serious bodily harm. Although Plaintiff did suffer injuries, the correctional officers acted objectively reasonable as prudent correctional officers in gaining control and quickly retraining her. Therefore, the Court rejects Plaintiff's argument.

Moreover, in any event, the Court finds Endicott and Hale are entitled to qualified immunity. As this Court stated in its earlier Memorandum Opinion and Order, "[i]n West Virginia, qualified immunity shields a correctional officer from personal civil liability where the officer was engaged in official acts that were carried out 'within the scope of his authority,' and which 'did not violate clearly established laws of which a reasonable official would have known.'" *Id.* at *4 (quoting Syl. Pt. 5, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751 (W. Va. 2014)); *see also* Syl. Pt. 6, *Clark v. Dunn*, 465 S.E.2d 374 (W. Va. 1995) ("In the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29–12A–1 *et seq*., and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer."). Plaintiff has not offered this Court any evidence or arguments that make it reconsider its prior decision that Endicott and

Hale are entitled to qualified immunity. Clearly, they "were acting within the scope of their authority in responding to a physical altercation between another correctional officer and inmate," and Plaintiff has not shown violations of clearly established laws of which a reasonable correctional officer would have known. *Id*. Endicott and Hale made a quick, reasonable, and practical "decision within their discretion to put Plaintiff on the floor to gain control, defuse the situation, and protect the safety and security of others and the facility." *Id.* Additionally, as the Court previously found, "there was nothing fraudulent, malicious, or oppressive about their actions." *Id.*[5]

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court finds that the remainder of Plaintiff's claims cannot survive against Endicott and Hale in either their individual or official capacities and **GRANTS** their Motion for Summary Judgment. ECF No. 70.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 3, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[5]In her Response, Plaintiff reiterates many of the same arguments she made in her Motion to Amend/Alter (ECF No. 48), by emphasizing the severity of her injuries, statements made by Endicott and Hale, and unsworn statements from other inmates. However, for the same reasons this Court stated in its Order denying that motion, the Court finds those arguments unpersuasive.